IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MISSISSIPPI VALLEY TITLE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  2:11-cv-446-CWB |
| ) | |
| **PRO ABSTRACT CO., INC.** ) | |
| **and PARNELL & CRUM, P.A.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

After a decade-long stay of proceedings, this action has finally awakened from its extended hibernation.  Now pending for resolution is a Motion to Dismiss filed on behalf of Parnell & Crum, P.A.[1] (Doc. 66), which has been briefed in full (Docs. 70 & 71).  Pursuant to 42 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties previously consented to the exercise of full civil jurisdiction by a United States Magistrate Judge (Docs. 16, 17 & 37), and the issue of dismissal thus was called for hearing before the undersigned on November 30, 2022 (Doc. 75).  Upon consideration of the parties' respective arguments, both written and oral, it is apparent that the Motion to Dismiss is due to be denied.

**I.      Background**

The operative pleading before the court is the Supplemental Amended Complaint filed by Mississippi Valley Title Insurance Company on August 17, 2022.  (Doc. 65).  According to the Supplemental Amended Complaint, Pro Abstract Co, Inc. conducted a title search in connection

---

[1] It appears that the correct legal identity is Parnell & Parnell, P.A.  (Doc. 66 at p. 2, n.2).  Nonetheless, the court will, as the parties have, make reference exclusively to Parnell & Crum.

1

with proposed refinancing of the Prattville Square Shopping Center located in Prattville, Alabama. (Doc. 65 at ¶ 7).  It is alleged that Pro Abstract failed to discover and report an existing mortgage against the property that was held by Colonial Bank to secure a corresponding loan in the amount of $3,105,000.00.  (*Id*. at ¶ 9).  Accordingly, Mississippi Valley—through Parnell & Crum—issued a policy of title insurance to ServisFirst Bank in the amount of $1,250,000.00 that failed to except the existing Colonial Bank mortgage.  (*Id*. at ¶ 12).

Lien priority litigation later arose between ServisFirst Bank and the holder of the Colonial Bank mortgage.  (*Id*. at ¶ 13).  That litigation ultimately confirmed the priority of the Colonial Bank mortgage (*Id*.), and Mississippi Valley paid the sum of $869,165.48 to ServisFirst Bank in benefits under its title insurance policy.  (*Id*.).  As additional policy benefits, Mississippi Valley also paid legal expenses associated with the representation of ServisFirst Bank in the lien priority litigation.  (*Id*. at ¶¶ 13-14).  Mississippi Valley now seeks to recover all of those sums from Pro Abstract on the allegation that it "breached its legal and contractual duty of care" by failing to discover and/or report the outstanding Colonial Bank mortgage.  (*Id*. at Count One, ¶¶ 6-14).

Parnell & Crum is alleged at all relevant times to have been "a title agent of Mississippi Valley, authorized to determine insurability in accordance with the underwriting rules, standards and guidelines of Mississippi Valley and to issue title insurance commitments and policies based on such rules, standard and guidelines."  (*Id*. at ¶ 4).[2]  Mississippi Valley alleges that Parnell & Crum was acting as such title agent when it engaged Pro Abstract to conduct the

---

[2] Parnell & Crum was first added as a defendant to this action via Amended Complaint filed on May 20, 2013.  (Doc. 22).  However, the court notes that all of the claims asserted against Parnell & Crum in the Amended Complaint and the Supplemental Amended Complaint appear to trace back to factual allegations that were included in the original Complaint.  (Doc. 1).

title search at issue.  (*Id*. at ¶ 7).  Therefore, in addition to its claims against Pro Abstract, Mississippi Valley is seeking to recover against Parnell & Crum pursuant to certain indemnity provisions contained within the written agreement that sets out the core terms of their relationship. (*Id*. at Count Two, ¶¶ 15-22).  Mississippi Valley alternatively claims a right to indemnity against Parnell & Crum under Alabama common law.  (*Id*. at ¶ 18).

In its pending Motion to Dismiss, Parnell & Crum contends that the claims brought against it in this action are time-barred by application of the Alabama Legal Services Liability Act. (Doc. 66 at pp. 5-12).  Mississippi Valley conversely contends that it is premature to conclude that the Alabama Legal Services Liability Act applies.  (Doc. 70 at pp. 9-23).

The face of the pleadings confirms that the amount in controversy exceeds $75,000.00 exclusive of interest and costs and that there is a complete diversity of citizenship between Mississippi Valley and all of the defendants.  The parties also so stipulated in open court at the November 30, 2022 hearing.  The court thus possesses jurisdiction pursuant to 28 U.S.C. § 1332(a). There also are adequate allegations to support personal jurisdiction and venue, neither of which has been contested.  *See* 28 U.S.C. § 1391; Fed. R. Civ. P. 4(k)(1)(A).

**II.     Legal Standard**

Parnell & Crum bases its motion to dismiss upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, which permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  In order to survive such a challenge, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

(citation omitted).  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff."  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  Notwithstanding that lenient construction of alleged facts, "[d]ismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred."  *Berman v. Blount Parrish & Co., Inc.*, 523 F. Supp. 2d 1298, 1300 (M.D. Ala. 2007), aff'd, 525 F.3d 1057 (11th Cir. 2008).

### III. Discussion

The Supplemental Amended Complaint identifies Parnell & Crum as "a title agent of Mississippi Valley, authorized to determine insurability in accordance with the underwriting rules, standards and guidelines of Mississippi Valley and to issue title insurance commitments and policies based on such rules, standards and guidelines."  (Doc. 65 at ¶ 4).  The Supplemental Amended Complaint further alleges that Parnell & Crum "was required to be, and was specifically licensed to perform these functions by the Alabama Department of Insurance."  (*Id*.).  Indeed, all of the allegations made against Parnell & Crum are couched in terms of its status as a "title agent":

> 7.      In June of 2009, Parnell & Crum, **as title agent** of Mississippi Valley, employed Pro Abstract to conduct a title search of the public records of Autauga County, Alabama, …"
>
> 12.     On July 7, 2009, Parnell & Crum, **as agent** of Mississippi Valley and in reliance upon the title search of Pro Abstract, issued to ServisFirst Bank loan policy of title insurance number LP120151, in the amount of $1,250,000.00."
> \*\*\*
> 15.     On or about the 1st day of January, 2000, Mississippi Valley and Parnell & Crum entered into an agreement (the "Agency Agreement") whereby Parnell & Crum was appointed and undertook to faithfully serve **as a non-exclusive title agent** of Mississippi Valley, as that term is defined in the Alabama Title Insurance Act, § 27-25-1 *et seq*. of the Code of Alabama 1975, for all counties in Alabama, except for Jefferson County.

> 16. Parnell & Crum performed its function **as title agent** for Mississippi Valley through officers, employees and agents including those appointed as "authorized signatories" by the terms of the Agency Agreement, which "authorized signatories" are specially authorized to sign, countersign and issue commitments, binders and endorsements of Mississippi Valley.

(Doc. 65 at ¶¶ 7, 12, 15 & 16) (emphasis added).

In its Motion to Dismiss, however, Parnell & Crum emphasizes that it "is a Montgomery law firm" whose potential liabilities to Mississippi Valley must be constrained by the provisions of the Alabama Legal Services Liability Act as codified at Ala. Code § 6-5-574.  (Doc. 66 at p. 7). Although the Supplemental Amended Complaint goes to great length in an apparent effort to mask Parnell & Crum's status as a law firm, it does occasionally imply that Parnell & Crum is a legal service provider.  For example, it is alleged that Parnell & Crum "certified title to Amelia & Verla Title Services, Inc. with respect to said Colonial Bank mortgage" (Doc. 65 at ¶ 19), and certifying title has been held to constitute the practice of law by Alabama courts.  *See Mississippi Valley Title Ins. Co. v. Hooper*, 707 So. 2d 209, 215 (Ala. 1997) ("It is well settled that a nonlawyer's rendering a title opinion regarding real property amounts to the unauthorized practice of law.") (citing *Upton v. Mississippi Valley Title Ins. Co.*, 469 So. 2d 548, 56 (Ala. 1985)). The court also takes judicial notice that Parnell & Crum has long been a law firm located and providing legal services within the Middle District of Alabama.  *See* Fed. R. Evid. 201(b)(1).

Ultimately, however, the court's resolution of the pending Motion to Dismiss is guided by the Eleventh Circuit's prior decision in *Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248 (11th Cir. 2015).  Like here, *Thompson* involved a claim by Mississippi Valley against an attorney who had issued certain title insurance policies on its behalf.  *Id*. at 1250-51. Also as here, the title insurance policies failed to identify and except a superior mortgage against

the subject property.  *Id*.  Mississippi Valley thus sustained a loss and pursued both contractual and common law indemnity claims against the attorney.  *Id*. at 1251.

The trial court held on summary judgment that the attorney's conduct in "perform[ing] title searches, form[ing] unwritten opinions as to the insurability of title, issu[ing] commitments to insure, and issu[ing] title insurance policies based thereon" did not constitute the provision of legal services and did not implicate any limitations periods under Alabama Legal Services Liability Act.  *Id*. at 1251.  Recognizing that proper application of the Alabama Legal Services Liability Act would likely be dispositive, the Eleventh Circuit on appeal certified to the Alabama Supreme Court the question of whether "an attorney whom an insurance company hires as an attorney agent [is] providing a 'legal service' within the meaning of Ala. Code § 6-5-754 when he performs a title search, forms an unwritten opinion about the status of title, and then acts on that unwritten opinion by issuing a commitment to insure or an insurance policy."  *Id*. at 1249-50.

After the Alabama Supreme Court declined to answer that question, the Eleventh Circuit likewise found reason not to do so.  *Id*. at 1250 ("[A] federal court should generally undertake to answer a novel question of state law only when it is necessary to do so.") (citing *Blue Cross & Blue Shield of Ala., Inc. v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997)).  The Eleventh Circuit instead concluded that a genuine dispute of fact existed as to whether the parties had "entered into an attorney-client relationship or a principal-agent relationship."  *Id*. at 1250, 1255 (remanding for proceedings "to resolve the nature of the parties' relationship":  "The critical issue to be determined on remand is whether the parties entered into an attorney-client relationship, which in turn depends on what Thompson's intended employment duties were as understood by Mississippi Valley.").

6

As in *Thompson*, "[t]he critical question in this case is whether [Parnell & Crum] was providing legal services to Mississippi Valley when [it] carried out [its] duties," and "[t]he answer to this question determines which statute of limitations applies to Mississippi Valley's claims against [Parnell & Crum]." *Id*. at 1252. Unfortunately, and just as the Eleventh Circuit concluded in *Thompson*, the record currently precludes a resolution of that question. For example, it appears the relationship between Mississippi Valley and Parnell & Crum was governed at least in part by a written agreement dated January 1, 2000 (Doc. 65 at ¶ 15); yet neither party has placed the agreement into the record. Nor does the court at this stage have the benefit of any additional evidence that would reflect upon whether Parnell & Crum otherwise was engaged to perform any activities that might constitute the provision of legal services. *See Thompson*, 802 F.3d at 1252 ("An action against a legal service provider is not a 'legal service liability action' unless it involves a claim 'originating from [the] receipt of legal services.'") (quoting *Cunningham v. Langston, Frazer, Street & Freese, P.A.*, 727 So. 2d 800, 803 (Ala.1999)); *see also Roberson v. Balch & Bingham, LLP*, ___ So. 3d ___, 2022 WL 188521 at *9-10 (Ala. Jan. 21, 2022) (explaining that Alabama Legal Services Liability Act only contemplates as falling within its scope those claims that involve "the rendition of legal services"); Ala. Code § 6-5-572.

What is currently before the court is an allegation that Parnell & Crum "was a title agent of Mississippi Valley" that was "licensed … by the Alabama Department of Insurance" to undertake certain actions to "determine insurability" and "issue title insurance commitments and policies" on behalf of Mississippi Valley. (Doc. 65 at ¶ 4). It is the court's understanding that all such activities are regulated by the Alabama Department of Insurance and are not required to be performed by legal service providers. *See* Ala. Code § 27-25-1.1 *et seq.; see also Land Title Co. of Alabama v. State ex rel. Porter,* 299 So. 2d 289, 295-96 (Ala. 1974) (distinguishing review of

7

title records and issuance of title commitments, unlike preparation of formal title opinion, as not constituting the practice of law). The performance of those actions by Parnell & Crum therefore does not affirmatively establish that it was acting as a legal service provider with respect to Mississippi Valley.

The court is mindful of the Eleventh Circuit's admonition in *Thompson* that "when the claims against an individual <u>at least partially involve the provision of legal services</u>, the ALSLA's statute of limitations subsumes the limitations period applicable to principal-agent indemnity actions." 802 F.3d at 1252 (citing *Miss. Valley Title Ins. Co. v. Hooper,* 707 So.2d 209, 213 & n. 4 (Ala. 1997)) (emphasis added). Did any of the actions taken by Parnell & Crum in its relationship with Mississippi Valley cross the line, at least in some part, into the realm of providing legal services? That simply cannot be determined at this time on the current state of the record.

### IV.   Conclusion

Accordingly, it is hereby ORDERED that Parnell & Crum, P.A.'s Motion to Dismiss Plaintiff's Supplemental Amended Complaint (Doc. 66) is DENIED.

DONE this 12th day of December 2022.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE